IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DARRELL T. PRICE,

    Petitioner,

v.

HOMER BRYSON, Commissioner, Georgia Department of Corrections,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-52

**O R D E R**

Petitioner, an inmate at Coffee Correctional Facility in Nicholls, Georgia, has filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. Petitioner has paid the requisite $5.00 filing fee. Petitioner seeks to contest his current incarceration for a conviction obtained in the Superior Court of Early County, Georgia. Specifically, Petitioner contends the sentence on that conviction expired on March 1, 2014, but that he still remains incarcerated and that the Georgia Department of Corrections has indicated he will not be released until June 25, 2022. (Doc. 3 at 7.)

The Court notes that while it has jurisdiction over this petition because Petitioner is incarcerated within this District, it is prudent to address the venue of this action. All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254, by persons in state custody, are governed by 28 U.S.C. § 2241. Medberry, 351 at 1062. For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him";

or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n. 9 (11th Cir.2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d).

Petitioner attacks his current confinement due to a conviction by the Early County Superior Court. (Doc. 3 at 6-7.) Early County is located within the jurisdiction of the United States District Court for the Middle District of Georgia, Albany Division. 28 U.S.C. § 90(b)(5). In light of the foregoing, the Court concludes that a transfer of this case to the Middle District of Georgia for review and disposition is appropriate. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497, (1973) (In enacting Section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."); Eagle, 279 F.3d at 933, n. 9 (noting the practice in district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

Therefore, IT IS HEREBY ORDERED that this action shall be **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Albany Division for further consideration. The Clerk of Court is hereby **DIRECTED** transfer this case to that court.

**SO ORDERED**, this 29th day of July, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2